UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SMILEY,
    Plaintiff,

vs.

SGT. CORLETT, et al.,
    Defendants.

Case No. 1:13-cv-815

Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on (1) plaintiff's motion for summary judgment (Doc. 26) and defendants' memorandum in opposition to the motion for summary judgment (Doc. 28), and (2) defendants' motion to enforce settlement agreement (Doc. 27), which is unopposed.

## I. Background

Plaintiff Andre Smiley, proceeding pro se, filed a complaint against defendants Sgt. Corlett and PO Horning on December 13, 2013. (Doc. 3). Plaintiff and defendants subsequently entered into a "Full, Final and Complete Release & Indemnity Agreement" (hereafter, "Settlement Agreement"), pursuant to which the City of Cincinnati agreed to pay plaintiff $500.00 in exchange for a release of all claims related to the June 27, 2013 incident involving the defendant officers and plaintiff which gave rise to this litigation. (Doc. 27, Exh. A). Plaintiff signed the Settlement Agreement on June 20, 2014, and cashed the $500.00 check he received from the City pursuant to the terms of the Settlement Agreement. (Doc. 27, Exhs. A, B, C).

Plaintiff subsequently filed a motion for summary judgment on November 19, 2014. (Doc. 26). Plaintiff did not file a memorandum in support of the motion and did not submit any

supporting documentation. Defendants then moved to enforce the Settlement Agreement. (Doc. 27).

## II. Defendants' Motion to Enforce the Settlement Agreement

Defendants move to enforce the Settlement Agreement on the ground there is no dispute the parties agreed on all material terms of the settlement. "[B]efore entry of judgment or dismissal, district courts have jurisdiction over the subject matter of the cases pending before them and 'retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.'" *Jaynes v. Austin*, 20 F. App'x 421, 424 (6th Cir. 2001) (quoting *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir. 1976)). *See Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988) ("Courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them.").[1] *See also Byrd v. Time Warner Cable Inc.*, 507 F. App'x 565, 566 (6th Cir. 2012). A district court must be convinced that all material terms have been agreed upon in order to enforce a settlement. *Re/Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 645-46 (6th Cir. 2001) (citing *Brock*, 841 F.2d at 154). Where material facts are disputed, an evidentiary hearing is ordinarily required. *Id.* at 646 (citing *Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 622 (6th Cir. 1973); *Aro Corp.*, 531 F.2d at 1372). However, no hearing is required where the terms of the agreement are clear and unambiguous and there is no issue of fact. *Id.* (citing *Aro Corp.*, 531 F.2d at 1372). Thus, "where no substantial dispute exists regarding the entry into and terms of an agreement," summary enforcement is appropriate. *Id.* (citing *Kukla*, 483 F.2d at 621; *cf. Therma-Scan Inc. v.*

---

[1] In contrast, after the dismissal of an action and the entry of final judgment, the Court must have an independent basis for federal jurisdiction to enforce the settlement agreement. *See Austin*, 20 F. App'x at 424 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) (after parties settled case and entered an order of dismissal, the district court had no jurisdiction to enforce the settlement agreement); *Downey v. Clauder*, 30 F.3d 681, 687 (6th Cir. 1994) (after parties settled case and court entered a judgment without retaining jurisdiction to enforce settlement agreement, the district court did not have jurisdiction to enforce settlement agreement)).

2

*Thermoscan, Inc.*, 217 F.3d 414, 419 (6th Cir. 2000) (summary proceedings may lead to inequitable results where there is a dispute as to a material term)).

Here, there is no dispute that plaintiff signed the Settlement Agreement, released all claims against defendants arising out of the incident that resulted in this litigation and culminated in the Settlement Agreement, and cashed the check he received in settlement of his claims against defendants. (Doc 27, Exhs. A, B, C). Because there are no disputed material facts as to the parties' agreement, summary enforcement of the Settlement Agreement is appropriate. Accordingly, defendants' motion to enforce the Settlement Agreement should be granted. Plaintiff should be precluded from pursuing any claims arising out of the June 27, 2013 incident that gave rise to this litigation and the Settlement Agreement.

### III. Plaintiff's Motion for Summary Judgment

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[A] party seeking summary judgment . . . bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.

Plaintiff has not identified any basis for summary judgment. The motion for summary judgment includes no factual allegations and plaintiff has not submitted any supporting evidentiary materials. Further, plaintiff has released all claims arising out of the June 27, 2013 incident involving defendants which gave rise to this litigation. Accordingly, plaintiff's motion

for summary judgment should be denied and this case should be dismissed from the Court's docket.

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion to enforce settlement agreement (Doc. 27) be **GRANTED**, plaintiff's motion for summary judgment (Doc. 26) be **DENIED**, and this case be **DISMISSED** and closed on the docket of the Court.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* to the Court of Appeals. *See Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/11/15

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SMILEY
    Plaintiff,

Case No. 1:13-cv-815

Barrett, J.
Litkovitz, M. J.

vs.

SGT. CORLETT, et al.
    Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of these objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).